IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,       ) | |
| ) | |
| Plaintiff,       ) | |
| ) | |
| vs.                                             ) | Case No. CR-08-52-D |
| ) | |
| DAVID WAYNE BRESE,              ) | |
| ) | |
| Defendant.       ) | |

**O R D E R**

This matter comes before the Court upon the following pretrial motions of Defendant David Wayne Brese: Motion to Suppress Evidence [Doc. No. 11]; Motion for *Jackson v. Denno* Hearing [Doc. No. 12]; and Request for Pretrial Disclosure of Any Rule 404(b) Evidence [Doc. No. 13]. The government opposes only the motion to suppress; it has responded to the other motions by stating that Defendant's statements to law enforcement officers were freely and voluntarily made and that reasonable notice of any Rule 404(b) evidence will be given. On April 8, 2008, the Court held a hearing and received evidence regarding the first two motions, which were taken under advisement. As to the third, the Court accepted the government's representation that reasonable notice of any Rule 404(b) evidence will be given in advance of the June, 2008, jury trial. The Court now rules on the pending motions as follows.

**Motion to Suppress Evidence**

The issue raised by Defendant's motion to suppress is whether law enforcement agents conducted an unlawful search of his personal computer by accessing files on it using a type of peer-to-peer computer software, LimeWire, that permits file sharing by computers connected to the internet. Defendant presented the testimony of the case agent, Captain Jeffrey Elliott of the

Oklahoma Highway Patrol assigned to the FBI Cybercrimes Task Force. Capt. Elliott explained the activities of Special Agent Scott Gibson, a task force officer, who accessed and downloaded files from a computer allegedly owned by Defendant. Agent Gibson utilized LimeWire to search the internet using a search term known to be associated with child pornography files and then used a "browse host" function of LimeWire to look at names of other shared files available on the same computer as a file in the search result. From file names suggesting child pornography, Agent Gibson selected files to download and, after viewing them, confirmed that they did contain images of child pornography. Agent Gibson subsequently used an administrative subpoena to identify the subscriber for the Internet Protocol (IP) address associated with the computer, which was Defendant's father, and then obtained a search warrant for the residence occupied by Defendant, his parents, and his girlfriend.

Capt. Elliott also explained that LimeWire is a computer program that permits users to establish a direct connection via the internet between two computers and to share files located on those computers, unless the file-sharing function is disabled. In other words, when a computer with peer-to-peer file sharing software like LimeWire is connected to the internet, the shared files on that computer are available to anyone else using compatible peer-to-peer software and connected to the internet; all users of the software can search the shared files on anther user's computer and gain entrance to those files via the internet. The government declined to present evidence and relied on its brief, which cites two cases discussing peer-to-peer computer file sharing. *See United States v. Shafer*, 472 F.3d 1219, 1221-22 (10th Cir. 2007); *see also United States v. Perrine*, No. 06-3336, 2008 WL 638687 (10th Cir. March 11, 2008) (to be published).

To establish a Fourth Amendment violation, Defendant first "must prove 'a legitimate expectation of privacy' in the place searched or the item seized." *United States. v. Angevine*, 281

2

F.3d 1130, 1134 (10th Cir. 2002) (quoting *Rakas v. Illinois*, 439 U.S. 128, 143 (1978)).  The court of appeals has described the relevant inquiry as follows:

> "Determining whether a legitimate . . . expectation of privacy exists . . . involves two inquiries.  First, the defendant must show a subjective expectation of privacy in the area searched, and second, that expectation must be one that society is prepared to recognize as reasonable." *United States v. Anderson*, 154 F.3d 1225, 1229 (10th Cir.1998) (quotation marks and citations omitted). . . .  "The ultimate question is whether one's claim to privacy from the government intrusion is reasonable in light of all the surrounding circumstances." *Id*. (quotation marks and citation omitted).

*Angevine*, 281 F.3d at 1134.  Here, unless Defendant had a reasonable expectation of privacy in the shared files on his computer, the Fourth Amendment does not protect Defendant from entry into those files.

The Court finds that, notwithstanding any subjective expectation that Defendant may have had in the privacy of his computer, it was not reasonable for him to expect privacy in files that were accessible to anyone else with LimeWire (or compatible) software and an internet connection.  This is not unlike the personal computer that the defendant in *United States v. Barrows*, 481 F.3d 1246 (10th Cir. 2007), networked to a workplace computer for the purpose of sharing files.  The court of appeals stated that, even though the defendant invited no one else to use his computer and may have expected its contents to remain private, "his failure to take affirmative measures to limit other employees' access makes that expectation unreasonable." *Id*. at 1249.  More recently, in *Perrine*, the court of appeals agreed with a trial court's decision that a defendant had no reasonable expectation of privacy in identifying information given to an internet service provider, in part because the defendant had enabled peer-to-peer file sharing and thus had given anyone with internet access the ability to gain entrance to his computer.  *See* 2008 WL 638687 at *5-6.  Similarly, Defendant here had no Fourth Amendment expectation of privacy in files on his computer which were open to anyone connected to the internet to access via peer-to-peer file sharing.

### *Jackson v. Denno*

Under *Jackson v. Denno*, 378 U.S. 368 (1964), when a defendant timely objects to the admission of an incriminating statement, he must receive a hearing outside the presence of the jury to determine "both the underlying factual issues and the voluntariness of his confession." *Id*. at 380. The burden is on the government to prove by a preponderance of the evidence that the statements were voluntary. *United States v. Muniz*, 1 F.3d 1018, 1021 (10th Cir. 1993) (citing *Colorado v. Connelly*, 479 U.S. 157, 168-69 (1986)).

Having conducted the hearing requested by Defendant, the Court finds that the statements Defendant made to law enforcement officers during the execution of the search warrant were voluntary. Capt. Elliott testified that six agents and three civilians arrived at the residence to serve the search warrant and found only Defendant's father, John Brese, at home. At the agents' request, John Brese telephoned Defendant, explained what was happening, and asked Defendant to return home. Defendant agreed, and he and his girlfriend arrived within 20 minutes. The officers then explained to Defendant the purpose of the search, advised him he was not under arrest and was not required to talk with them, but asked him if he would be willing to answer their questions. Defendant agreed and sat down at the dining room table with two agents to be interviewed. Under the totality of the circumstances presented by the evidence, the Court finds all statements by Defendant during this interview were freely and voluntarily made.

**Conclusion**

For these reasons, the Court finds the government's intrusion into Defendant's shared computer files did not violate the Fourth Amendment and Defendant's statements to agents executing a search warrant at his residence were voluntary.

IT IS THEREFORE ORDERED that Defendant's Motion to Suppress Evidence [Doc. No. 11] is denied. Defendant's Motion for *Jackson v. Denno* Hearing [Doc. No. 12] is granted, and upon that hearing, a pretrial finding of admissibility of Defendant's statements has been made. Defendant's Request for Pretrial Disclosure of Any Rule 404(b) Evidence [Doc. No. 13] is granted; the government will provide notice of such evidence in compliance with Rule 404(b).

IT IS SO ORDERED this 9th day of April, 2008.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE